# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 1 2 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
　　　　　　Deputy Clerk

JOHN S. BAXTER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　No. CIV 06-450-RAW-SPS
　　　　　　　　　　　　　　　　　　　　)
WALTER DINWIDDIE, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　)

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #33], plaintiff's response [Docket #36], the defendants' reply [Docket #37], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #32], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, a former DOC inmate who presently is in custody in Huntsville, Texas, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma. The defendants are former JDCC Warden Walter Dinwiddie, JDCC B-Unit Manager Maurice Warrior, JDCC Warden's Designee Chery Bryan, Customer Service Representative II Stephen Brown, DOC Director Ron Ward, JDCC Hearing Officer Terry

Alexander, and Mike Mullin, current JDCC Warden.[1]

Plaintiff alleges that on August 22, 2005, he received a Class A misconduct, but he was not given a fair and impartial disciplinary hearing. He was found guilty of the offense, and his appeal was denied. He then appealed to the DOC Director who ordered a rehearing and found the misconduct should be amended to a more serious Class X offense. Plaintiff contends that if his original misconduct appeal had resulted in dismissal of the offense, he would have been released to see his mother before she died. He also claims the chief officer at JDCC could have prevented the alleged constitutional violations, if plaintiff's claims of retaliation by JDCC correctional officers had been addressed. He is asking for monetary damages and injunctive relief for his mental duress, pain and suffering, and medical problems.

The special report states that on August 22, 2005, while searching outgoing inmate correspondence, Defendant Stephen Brown discovered plaintiff was requesting an outside individual to bring contraband ("a couple of balloons full of weed or speed") into the facility through the visiting room. Defendant Brown completed an incident report describing the letter that plaintiff attempted to mail, and Brown also completed an offense report charging plaintiff with Individual Disruptive Behavior. The investigator conducted a disciplinary investigation and notified plaintiff that his disciplinary hearing would be held on September

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

1, 2005.

On September 2, 2005, Correctional Counselor Clarence Blades notified plaintiff that the disciplinary hearing had been postponed until September 9, 2005, because the hearing officer was unavailable. Plaintiff signed the Disciplinary Hearing Postponement form, indicating he was informed of the postponement. On September 9, 2005, Mr. Blades advised plaintiff that the hearing had been postponed again until September 14, 2005, because of the hearing officer's unavailability. Plaintiff also signed the second postponement form.

On September 20, 2005, Defendant Unit Manager Maurice Warrior conducted the disciplinary hearing and found plaintiff guilty of Individual Disruptive Behavior. The discipline imposed was (1) disciplinary segregation for 20 days, (2) loss of 120 days of earned credits, and (3) restriction to Level 1 for 60 days. Mr. Warrior states by affidavit that he had no direct involvement in plaintiff's misconduct, so he was able to act as a neutral party.

The Warden's Designee affirmed plaintiff's misconduct on September 22, 2005, and on September 27, 2005, plaintiff received his copy of the disciplinary hearing report. On October 4, 2007, plaintiff submitted an Offender's Misconduct Appeal Form to the facility head. On October 13, 2007, the facility heard affirmed the misconduct, finding there was no due process violation, because plaintiff had ample time to prepare for his disciplinary hearing. Plaintiff appealed to the Director's Designee, who concluded that due process was not provided and determined that plaintiff should have been charged with a more serious misconduct. The defendants allege a rehearing was ordered, but it was not conducted as required by DOC policy. Therefore, the 120 earned credits that were removed from plaintiff's record were restored in February 2006.

## Defendants Ron Ward and Mike Mullin

Defendants Ward and Mullin allege plaintiff has failed to assert they participated in any of the events related to the claims in this action. Plaintiff served the summons intended for former DOC Director Ward on Justin Jones, the current DOC Director, but plaintiff has not alleged that Jones personally participated in the events.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "a supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)). Here, the court finds plaintiff has failed to demonstrate the personal participation of Defendant Ward or Defendant Mullin. Therefore, Ward and Mullin are dismissed from this action.

## Retaliation and Eighth Amendment Claims[2]

The defendants allege plaintiff failed to exhaust administrative remedies for his retaliation and Eighth Amendment claims before filing this lawsuit. Pursuant to 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[2] It is unclear whether plaintiff actually is asserting an Eighth Amendment claim, but he may be claiming the disciplinary proceedings prevented him from visiting his mother before she died. *See* Docket #1 at 6-7.

4

Because plaintiff was incarcerated at the time he filed this action, he was required to comply with the exhaustion requirement. *See Norton v. The City Of Marietta, Okla.*, 432 F.3d 1145, 1150- 1151 (10th Cir. 2005).

The defendants assert DOC's grievance policy requires an inmate to properly and timely submit to the facility head a grievance regarding each issue, after initially attempting to resolve the issue informally. The inmate then must file a proper and timely appeal of the facility's response to each issue. The record shows plaintiff did not submit a grievance to the facility head concerning the retaliation and Eighth Amendment claims in his complaint, so he did not exhaust his available administrative remedies for these issues. Pursuant to DOC OP-090124, "Inmate/Offender Grievance Policy," a grievance must be submitted within 15 calendar days of the incident or the date of the response to an informal Request to Staff form, whichever is later.

Plaintiff alleges that on or about April 5, 2006, he was referred to Terry Alexander in the Unit Manager's office, where he made a verbal request to visit with his dying mother. Plaintiff asserts no action was taken on his request, but he makes no claims that he pursued the facility's grievance procedures to address his desire to see his mother or his retaliation claim. The court finds he has failed to exhaust his administrative remedies for the retaliation and Eighth Amendment issues, and the deadlines for initiating administrative remedies have passed. Therefore, these claims must be dismissed.

## Due Process

Plaintiff alleges his due process rights were violated in the disciplinary process when he was charged with Individual Disruptive Behavior. The record shows, however, that his misconduct conviction was reversed and sent for a rehearing on a more serious charge. The

5

defendants assert that because the rehearing never was conducted, plaintiff's revoked earned credits were reinstated. Plaintiff disputes this allegation and claims the revoked earned credits were returned after he was found not guilty in a December 5, 2005, rehearing. The analysis is the same under either scenario.

There is no denial of due process if the alleged error is removed through the administrative appeal process. *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995); *see also Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991). Consideration of the events occurring at a disciplinary hearing that later is reversed on administrative appeal would discourage prison administrators from correcting errors through the administrative appeal process. *Harper*, 938 F.2d at 105. *See also Lee v. Green*, No. 99-7026, 1999 WL 445171 (10th Cir. June 30, 1999) (unpublished opinion) (holding that when misconduct conviction is reversed and misconduct was expunged following prison officials' inadvertent failure to ensure that prisoner was present at his own hearing, no constitutional violation occurred, even though prisoner spent time in disciplinary segregation).

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), an inmate was not permitted to present witnesses at a hearing on an alleged misconduct. He was found guilty of the offense and sentenced to disciplinary segregation. *Id.* On administrative appeal, the inmate's misconduct charge was found to be unsupported, and the charge was expunged from his record. *Id.* at 476. The inmate, however, already had served his thirty-day sentence in segregation. *Id.* The Supreme Court found that the inmate's confinement in segregation did not violate the Due Process Clause, because it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. The Court further held that because the disciplinary action would not affect the duration of the inmate's

sentence, procedural due process protection was not required. *Id.* at 487. *See also Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). This court finds that the same principles apply to plaintiff's claim, and he, therefore, was not denied due process.

Plaintiff complains in his response to the defendants' motion to dismiss that he was reduced to Earned Credit Level 1 as a result of the September 20, 2005, disciplinary hearing. The court finds he failed to sufficiently and clearly assert this claim in his complaint, but it also fails on the merits. The defendants allege plaintiff had been found guilty of three other misconducts, so he would have remained at Level 1. Furthermore, even if plaintiff had been assigned to a higher earned credit level when he was convicted of the misconduct at issue in this case, those credits would have been revoked by the sanctions of the other three misconducts. *See* Docket #32, Attachment1 at 1-2 and Docket #33, Exhibit 3. Therefore, plaintiff's reduction to Level 1 did not affect the date he was released from DOC custody, and he not entitled to relief for this claim.

## Injunctive Relief

Plaintiff requests injunctive relief granting him release from custody and correction of all his medical problems. To be entitled to injunctive relief from an alleged constitutional violation, the moving party is required to demonstrate his constitutional rights have been violated. *See Roberts v. Champion*, 255 F.Supp.2d 1272, 1299 (N.D. Okla. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 377 (1976)). As discussed above, plaintiff has not shown he has suffered a constitutional violation. Further, a request for release from confinement must be raised in a petition for a writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and plaintiff is not in the custody of the State of Oklahoma. Therefore, he is not entitled to injunctive relief.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 12th day of September 2008.

/s/ Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**